## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**PATRICIA A. SHEPHERD,**
                      **Plaintiff**

**v.**                                              **Civil Action No.**
                                                           **3:05CV447-J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                      **Defendant**

### MEMORANDUM OPINION

     This case presents plaintiff Patricia Shepherd's challenge to the decision of the Commissioner denying her claim to disability insurance benefits. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

     Ms. Shepherd filed her application in September of 2003, alleging that she had been unable to engage in substantial gainful employment since November 15, 2002. After a hearing, the Administrative Law Judge ("ALJ") determined that Ms. Shepherd's bilateral carpal tunnel syndrome and neck pain with probable pseudoarthrosis were severe impairments that prevented her from performing any of her past relevant work. The ALJ further determined that Ms. Shepherd retained the residual functional capacity for a significant range of light work.

     If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. <u>Studaway v. Secretary of HHS</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Ms. Shepherd contends that the ALJ erred by failing to accord to the opinion of treating neurosurgeon Dr. Nazar the weight to which it was entitled. Dr. Nazar opined in January of 2004 that Ms. Shepherd would be unable to sit for longer than ten minutes without experiencing neck pain and she needed to frequently change positions. Dr. Nazar further stated that she could not pull or push forward or overhead and would have difficulty lifting or carrying more than ten pounds. Tr. 228-229.

It has long been established that the special position occupied by a treating physician calls for his or her opinion to be accorded great weight. While the ALJ is not bound by the opinions of a treating physician, he is required to set forth some basis for rejecting that opinion. Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987); MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). There is no error in declining to accept the unsupported conclusory statement of a physician, even a treating physician. Hall v. Bowen, 837 F.2d 272 (6th Cir. 1988); Duncan v. Secretary, 801 F.2d 847 (6th Cir. 1986). While a treating physician's opinion is entitled to great weight, it is not dispositive regarding the ultimate issue of disability. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986). In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to

the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician.  See also Soc.Sec.Rul. 96-2p.

The ALJ declined to give controlling weight to Dr. Nazar's opinion, noting that the opinion was not supported by his own clinical notes, and further noting that the opinion was at odds with the activities Ms. Shepherd exhibit and to which she testified.

On September 10, 2003, Dr. Nazar observed that her neurological examination was within normal limits, but she had a significantly decreased range of motion in her neck.  Tr. 234.  When she returned to Dr. Nazar the following week, he again noted that her neurological exam was within normal limits.  Tr. 230.  It appears that it is this notation to which the ALJ had reference when he stated Dr. Nazar's opinion conflicted with his clinical records showing a normal neurological examination.  Tr. 19.  The Court must agree that in making this statement, the ALJ took Dr. Nazar's comment out of context, and failed to note his explanation of exactly what "neurological examination" entailed.

When pain is the potentially disabling factor, the patient's own subjective experience is of critical importance.  Although Dr. Nazar opined that Ms. Shepherd would be unable to sit for longer than ten minutes at a time, she was able to sit throughout a forty-five minute hearing.  Tr. 19, 56, 228.  Similarly, Dr. Nazar stated that Ms. Shepherd would be restricted from driving, but she testified that she drives.  Tr. 53, 229.  Ms. Shepherd also testified that she does laundry, can walk for forty-five minutes, can dress herself, and is capable of doing most household chores.  Tr. 56-58.

The substantial evidence standard "presupposes that there is a zone of choice within

3

which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Mullen v. Bowen, 800 F.2d 535, 545 (6 th Cir.1986). Significantly, under this standard, this Court is not to resolve conflicts in evidence and may not decide questions of credibility. See Garner v. Heckler, 745 F.2d 383, 387-88 (6th Cir.1984). It is irrelevant whether this Court would have resolved the evidentiary conflict differently. The fact remains that the ALJ followed the legal requirements in explaining his reasons for declining to give controlling weight to Dr. Nazar's opinion, and there is substantial evidence to support the findings he made in that respect, and there is substantial evidence to support the ALJ's credibility determination.

An order in conformity has this day entered.